KAREN P. HEWITT
United States Attorney
CALEB E. MASON
Assistant United States Attorney
California Bar No. 246653
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 557-5956/(619)235-4716(Fax)
Email: caleb.mason@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 08CR2584H |
|---|---|---|
| Plaintiff, | ) ) ) | Date:   Sep. 15, 2008<br>Time:   2 p.m. |
| v. | ) ) | The Honorable Marilyn L. Huff |
| MAURILLO SOLANO-RAMIREZ, | ) ) | **UNITED STATES' NOTICE OF MOTIONS AND MOTIONS FOR:** |
| Defendant. | ) ) ) ) ) | **(1)   FINGERPRINT EXEMPLARS;**<br>**(2)   RECIPROCAL DISCOVERY; AND**<br>**(3)   LEAVE TO FILE FURTHER MOTIONS** |

   PLEASE TAKE NOTICE that on September 15, 2008, at 2 p.m., or as soon thereafter as counsel may be heard, plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Caleb E. Mason, Assistant United States Attorney, will move the Court to enter an order granting the following motions.

/ /

/ /

/ /

**MOTIONS**

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Caleb E. Mason, Assistant United States Attorney, hereby moves this Court for an order granting the following motions for:

1. Fingerprint Exemplars;
2. Reciprocal Discovery; and
3. Leave to File Further Motions.

The motions noted above are based on the files and records of this case, together with the following statement of facts and memorandum of points and authorities.

**I**

**STATEMENT OF THE CASE**

On August 6, 2008, a federal grand jury in the Southern District of California returned an Indictment charging Maurillo Solano-Ramirez ("Defendant") with being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) and (b). On August 7, 2008, Defendant was arraigned on the Indictment and pled not guilty. The motion hearing/trial setting date is September 15, 2008. The United States hereby files the following motions for fingerprint exemplars, reciprocal discovery and leave to file further motions.

**II**

**STATEMENT OF FACTS**

**A.    OFFENSE CONDUCT**

On July 1, 2008, at approximately 4:30 a.m., Border Patrol Agent Weir was patrolling along the U.S.-Mexico border approximately 25 miles east of Calexico, CA. Agent Weir observed a line of footprints leading north from the border through sand dunes toward the All-American canal. Agent Weir followed the footprints to the canal bank, where they terminated at a concrete dam called "Drop 2" that spans the canal. Agent Weir radioed a remote surveillance camera operator for assistance. The operator scanned the area, and observed five individuals in the bushes on the other side of the dam.

Agent Weir crossed the dam and approached the individuals. He identified himself as a Border Patrol Agent and conducted a field interview with the individuals. When Agent Weir interviewed

Defendant, Defendant freely admitted that he had entered the country illegally, that he was a citizen and national of Mexico, and that he did not have documentation to enter or remain legally in the United States. Defendant, along with the other individuals, was arrested and transported to the Calexico Border Patrol Station for processing.

**B.    DEFENDANT'S IMMIGRATION HISTORY**

A records check conducted at the station, based on Defendant's fingerprints and biographical data, confirmed that Defendant is a citizen and national of Mexico, and that Defendant was ordered excluded, deported, and removed from the United States to Mexico by an immigration judge on March 27, 2000, and was physically removed to Mexico that same day. Defendant has been removed on seven other occasions, most recently on April 8, 2008. Defendant also has 33 voluntary returns. There is no evidence in the reports and records maintained by the Department of Homeland Security that Defendant has applied to the U.S. Attorney General or the Secretary of the Department of Homeland Security to lawfully return to the United States.

**C.    DEFENDANT'S CRIMINAL HISTORY**

Records checks revealed the following criminal history: On March 30, 2000, Defendant was convicted of Illegal Entry in violation of 8 U.S.C. § 1325, and sentenced to 30 days' imprisonment. On May 1, 2003, Defendant was convicted of Illegal Entry in violation of 8 U.S.C. § 1325, and sentenced to 90 days' imprisonment. On April 13, 2004, Defendant was convicted of Illegal Entry in violation of 8 U.S.C. § 1325, and sentenced to 100 days' imprisonment. On June 9, 2005, Defendant was convicted of Illegal Entry in violation of 8 U.S.C. § 1325, and sentenced to 90 days' imprisonment. On July 9, 2007, Defendant was convicted of Illegal Entry in violation of 8 U.S.C. § 1325, and sentenced to 120 days' imprisonment. On October 18, 2007, Defendant was convicted of Illegal Entry in violation of 8 U.S.C. § 1325, and sentenced to 150 days' imprisonment. On August 22, 2005, Defendant was convicted of Threatening with the Intent to Terrorize, in violation of California Penal Code § 422, and sentenced to sixteen months' imprisonment.

**D.    DEFENDANT'S STATEMENT**

The above-listed immigration and criminal history was received by the Border Patrol agents at approximately 9:45 a.m. on July 1, 2008. Upon reviewing Defendant's criminal and immigration

history, the agents determined that Defendant could be subject to criminal prosecution, and advised him of his Miranda rights at approximately 1:25 p.m. on July 1, 2008.

Defendant waived his rights and made a statement. He admitted that he was a resident and citizen of Mexico, that he has been deported, and that he has no legal authorization to enter or remain in the United States. He stated that he had been living in Mexicali, but had received a phone call from a smuggler he knows in Indio, California, asking him to smuggle four individuals into the United States. He agreed to do so for a fee of $300 per person. He stated that he guided the four individuals through the desert and across the canal, and that he was to meet a vehicle on Highway 78. He further stated that he had guided people illegally into the United States on approximately ten prior occasions.

### III
### MEMORANDUM OF POINTS AND AUTHORITIES

#### A.    MOTION FOR FINGERPRINT EXEMPLARS

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (holding that the government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution). Identifying physical characteristics, including fingerprints, are not testimonial in nature and the collection and use of such evidence would not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969). See also Schmerber v. California, 384 U.S. 757, 761 (1966) (withdrawal of blood is not testimonial).

#### B.    MOTION FOR RECIPROCAL DISCOVERY

The United States hereby requests Defendant deliver all material to which the United States may be entitled under Fed. R. Crim. P. 16(b) and 26.2.

##### 1.    Defendant's Disclosures Under Fed R. Crim. P. 16(b)

The United States has voluntarily complied and will continue to comply with the requirements of Fed. R. Crim. P. 16(a). As of the date of this Motion, the United States has produced 88 pages of discovery and one DVD (including Defendant's interview, reports of the arresting officers and agents, criminal history reports, and documents concerning Defendant's criminal and immigration history). As

of the date of this Motion, the United States has not received any reciprocal discovery from Defendant. Therefore, the United States invokes Fed. R. Crim. P. 16(b), requiring that reciprocal discovery be provided to the United States.

The United States hereby requests Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which was prepared by a witness whom Defendant intends to call as a witness. Because the United States will comply with Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Fed. R. Crim. P. 16(b)(1). The United States also requests that the Court make such order as it deems necessary under Fed. R. Crim. P. 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

### 2.     Witness Statements Under Fed. R. Crim. P. 26.2

Fed. R. Crim. P. 26.2 requires the production of prior statements of all witnesses, except a statement made by Defendant. Fed. R. Crim. P. 26.2 requires reciprocal production of statements, in accordance with the Jencks Act.

The timeframe established by Fed. R. Crim. P. 26.2 requires the statement to be provided after the witness has testified. In order to expedite trial proceedings, the United States hereby requests Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

### C.     MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Should new information or legal issues arise, the United States respectfully requests the opportunity to file such further motions as may be appropriate.

## IV

## **CONCLUSION**

For the foregoing reasons, the United States requests the Court grant the United States' Motions for Fingerprint Exemplars, Reciprocal Discovery and Leave to File Further Motions.

DATED: August 29, 2008

                                                KAREN P. HEWITT
                                                United States Attorney

                                              /S/ Caleb E. Mason
                                              CALEB E. MASON
                                              Assistant United States Attorney
                                              Attorneys for Plaintiff
                                              United States of America
                                              Email: caleb.mason@usdoj.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>             v.<br><br>MAURILLO SOLANO-RAMIREZ,<br><br>                    Defendant. | Case No.  08cr2584H<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

     I, CALEB E. MASON, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

     I am not a party to the above-entitled action. I have caused service of:

**UNITED STATES' NOTICE OF MOTIONS AND MOTIONS FOR:**

**(1)     FINGERPRINT EXEMPLARS;**
**(2)     RECIPROCAL DISCOVERY; AND**
**(3)     LEAVE TO GRANT FURTHER MOTIONS**

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

     **Sylvia Baiz, Esq.**
     **Attorney for Defendant**

     I declare under penalty of perjury that the foregoing is true and correct. Executed on August 29, 2008.

                                       s/ Caleb E. Mason
                                       CALEB E. MASON