1  SYLVIA BAIZ
   California Bar No. 124367
2  The Granger Building
   964 Fifth Avenue, Suite 214
3  San Diego, California  92101
   Telephone:  (619) 544-1410
4  Facsimile: (619) 544-1473

5  Attorney for Defendant **Solano**

6
                UNITED STATES DISTRICT COURT
7
                SOUTHERN DISTRICT OF CALIFORNIA
8
                    (**HON. MARILYN L. HUFF**)
9
10 **UNITED STATES OF AMERICA**,            ) Criminal No. **08-CR-2584-MLH**
                                            )
          Plaintiff,                        ) Date: September 15, 2008
11                                          ) Time: 2:00 p.m.
                                            )
12 v.                                       )
                                            )
13 **MAURILLO SOLANO RAMIREZ,**             )
                                            ) **1) COMPEL DISCOVERY; AND**
14        Defendant.                        ) **2) DISMISS INDICTMENT;**
                                            ) **3) LEAVE TO FILE FURTHER**
15 _____ )     **MOTIONS**

16 TO:  KAREN HEWITT, UNITED STATES ATTORNEY, AND
        CALEB E. MASON, ASSISTANT UNITED STATES ATTORNEY
17
        **PLEASE TAKE NOTICE** that on September 15, 2008 at 2:00 p.m., or as soon
18
   thereafter as counsel may be heard, the defendant, Maurillo Solano Ramirez by and through
19
   his counsel, Sylvia Baiz, will hereby move this Court to grant the above-entitled motions.
20
21 //

22 //

23 //

24 //

25 //

26 //

27 //

28

**MOTIONS**

The defendant, Maurillo Solano Ramirez, by and through his attorney, Sylvia Baiz, and pursuant to Rules 12, 16, 24(a) of the Federal Rules of Criminal Procedure and Rules 404, 403, 609 of Federal Rules of Evidence any and all applicable local rules, hereby moves this Court to grant the following motions:

1) compel discovery;

2) dismiss the indictment; and

3) leave to file further motions

These motions are based upon the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other evidence brought before this Court before or during the hearing on this motion.

Respectfully submitted,

Dated: September 2, 2008

/s/ Sylvia Baiz
**SYLVIA BAIZ**
Attorney for Defendant **Solano Ramirez**

**SYLVIA BAIZ**
California Bar No. 124367
The Granger Building
964 Fifth Avenue, Suite 214
San Diego, California  92101
Telephone:  (619) 544-1410
Facsimile: (619) 544-1473

Attorney for Defendant **Solano**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HON. MARILYN L. HUFF**)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. **08-CR-2584-MLH** |
| Plaintiff, | Date: September 15, 2008 |
| v. | Time: 2:00 p.m. |
| MAURILLO SOLANO-RAMIREZ, | **STATEMENT OF FACTS AND POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS** |
| Defendant. | |

## I.

## STATEMENT OF FACTS

Mr. Solano was arrested on July 1, 2008, approximately 25 miles east of the Calexico port of entry.  Agents learned through a computer check that Mr. Solano had previously been deported so they arrested him and filed a complaint.  Mr. Solano was also questioned by agents.  Mr. Solano was indicted on August 6, 2008 with being found in the United States in violation of 8 U.S.C. §1326 (a) and (b).

Agents questioned Mr. Solano after his arrest.

## II.

## MOTION TO COMPEL DISCOVERY

Mr. Solano requests the following discovery pursuant to Fed. R. Crim. P. 12(b)(4) and 16:

(1)  all written and oral statements made by Mr. Solano.  This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which

1  statements of Mr. Solano are contained.  It also includes the substance of any oral statements
2  which the government intends to introduce at trial.   These are all discoverable under Fed. R.
3  Crim. P. 16(a)(1)(A) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  Mr. Solano also requests
4  any response to any <u>Miranda</u> warnings which may have been given to him.  See <u>United States</u>
5  <u>v. McElroy</u>, 697 F.2d 459 (2d Cir. 1982);

6      (2)  all documents, statements, agents' reports, and tangible evidence favorable to Mr.
7  Solano on the issue of **guilt or punishment** and/or which affects the credibility of the
8  government's case. This evidence must be produced pursuant to <u>Brady v. Maryland</u>, 373 U.S.
9  83, 87 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976);

10      (3)  all evidence, documents, records of judgments and convictions, photographs and
11  tangible evidence, and information pertaining to any prior arrests and convictions or prior
12  bad acts.  Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B).  Evidence
13  of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid.
14  404(b) and 609;

15      (4)  all evidence seized as a result of any search, either warrantless or with a warrant,
16  in this case.  He also specifically requests copies of all photographs, videotapes or recordings
17  made in this case.  This is available under Fed. R. Crim. P. 16(a)(1)(C);

18      (5)  all arrest reports, investigator's notes, memos from arresting officers, sworn
19  statements and prosecution reports pertaining to Mr. Solano, including his "A" file and the
20  recordings of his prior deportation(s).  These are available under Fed. R. Crim. P. 16(a)(1)(B)
21  and (C), Fed. R. Crim. P. 26.2 and 12(i);

22      (6)  the personnel file of the interviewing agent(s) containing any complaints of
23  assaults, abuse of discretion and authority and/or false arrest.  <u>Pitchess v. Superior Court</u>, 11
24  Cal. 3d. 531, 539 (1974).  In addition, the defense requests that the prosecutor examine the
25  personnel files of all testifying agents, and turn over <u>Brady</u> and <u>Giglio</u> material reasonably in
26  advance of trial.  <u>United States v. Henthorn</u>, 931 F.2d 29, 30-31(9th Cir. 1991).  If the
27  prosecutor is unsure as to whether the files contain <u>Brady</u> or <u>Giglio</u> material, the files should
28  be submitted to the Court, <u>in camera</u>.  <u>Id.</u>  The prosecution should bear in mind that there

1 | exists an affirmative duty on the part of the government to examine the files.  Id.;

2 | (7) any and all statements made by any other uncharged co-conspirators. The defense
3 | is entitled to this evidence because it is material to preparation for the defendant's case and
4 | potentially Brady material.  Also, insofar as such statements may be introduced as
5 | co-conspirator statements, they are discoverable. Fed. R. Crim. 16(a)(1)© and Brady.  This
6 | evidence must be produced pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and United
7 | States v. Agurs, 427 U.S. 97 (1976);

8 | (8)  Mr. Solano requests copies of any and all audio/video tape recordings made by the
9 | agents in this case and any and all transcripts, including taped recordings of any
10 | conversations of any of the agents involved in this case.  Mr. Solano specifically requests
11 | copies of the audio tape of all the deportation hearings in this case that the government
12 | intends to use in its case-in-chief..  This evidence is available under Fed. R. Crim. P.
13 | 16(a)(1)©;

14 | (9)  Mr. Solano specifically requests the name and last known address of each
15 | prospective government witness.   See United States v. Napue, 834 F.2d 1311 (7th Cir.
16 | 1987); United States v. Tucker, 716 F.2d 583 (9th Cir. 1983) (failure to interview
17 | government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181
18 | (9th Cir. 1979) (defense has equal right to talk to witnesses).

19 | (10)  all other documents and tangible objects, including photographs, books, papers,
20 | documents, photographs, or building or places or copies of portions thereof which are
21 | material to Mr. Solano' defense or intended for use in the government's case-in-chief or were
22 | obtained from or belong to Mr. Solano.  Mr. Solano also requests access to all his personal
23 | belongings seized, including his wallet, any clothes he was wearing at the time of his arrest
24 | and any baggage he had with him. Rule 16(a)(1)©;

25 | (11) all results or reports of scientific tests or experiments, or copies of which are
26 | within the possession, control, or custody of the government or which are known or become
27 | known to the attorney for the government, that are material to the preparation of the defense,
28 | including the opinions, analysis and conclusions of experts consulted by law enforcement

1  including finger print specialists in the instant case.  These must be disclosed, once a request
2  is made, even though obtained by the government later, pursuant to Fed.R.Crim.Pro.
3  16(a)(1)(D).
4       (12)  any express or implicit promise, understanding, offer of immunity, of past,
5  present, or future compensation, agreement to execute a voluntary return rather than
6  deportation or any other kind of agreement or understanding between any prospective
7  government witness and the government (federal, state and local), including any implicit
8  understanding relating to criminal or civil income tax liability.  United States v. Shaffer, 789
9  F.2d 682 (9th Cir. 1986); United States v. Risken, 788 F. 2d 1361 (8th Cir. 1986); United
10 States v. Luc Levasseur, 826 F.2d 158 (1st Cir. 1987);
11      (13) any discussion with a potential witness about or advice concerning any
12 contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the
13 advice not followed.  Brown v. Duggen, 831 F.2d 1546, 1558 (11th Cir. 1986) (evidence that
14 witness sought plea bargain is to be disclosed, even if no deal struck); Haber v. Wainwright,
15 756 F.2d 1520, 1524 (11th Cir. 1985);
16      (14) any evidence that of any witnesses which were with Mr. Solano at the time of his
17 arrest or information that any prospective government witness is biased or prejudiced against
18 the defendant, has a motive to falsify or distort his or her testimony or is prejudiced against
19 Mexican people.  Pennsylvania v. Ritchie, 480 S.Ct. 39 (1989); United States v. Strifler, 851
20 F.2d 1192 (9th Cir. 1988);
21      (15) any evidence that any prospective government witness has engaged in any
22 criminal act whether or not resulting in a conviction.  See Rule 608(b), Federal Rules of
23 Evidence and Brady;
24      (16) any evidence that any prospective witness is under investigation by federal, state
25 or local authorities for any criminal conduct.  United States v. Chitty, 760 F.2d 425 (2d Cir.),
26 cert. denied, 474 U.S. 945 (1985); and,
27      (17)  any evidence, including any medical or psychiatric report or evaluation, tending
28 to show that any prospective witness's ability to perceive, remember, communicate, or tell the

4

1 truth is impaired; and any evidence that a witness has ever used narcotics or other controlled
2 substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir.
3 July 11, 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

4     (18) the name and last known address of every witness to the crime or crimes charged
5 (or any of the overt acts committed in furtherance thereof) who will not be called as a
6 government witness. Mr. Solano specifically requests the names of the other three persons
7 arrested with him as they are percipient witness to the manner in which they were arrested.
8 Specifically, Mr. Solano requests that the I-213s or any other records of their arrests be
9 provided in discovery. United States v. Cadet, 727 F.2d 1469 (9th Cir. 1984);

10     (19) the name and last known address of each prospective government witness. See
11 United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d
12 583 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective);
13 United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to
14 witnesses);

15     (20) the name of any witness who made an arguably favorable statement concerning
16 the defendant or who could not identify him or who was unsure of his identity, or
17 participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968);
18 Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); James v. Jago, 575 F.2d 1164,
19 1168 (6th Cir. 1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1975);

20     (21) Mr. Solano requests a transcript of the grand jury testimony and rough notes of
21 all witnesses expected to testify at the motion hearing or at trial. This evidence is
22 discoverable under Fed. R. Crim. P. 12(I) and 26;

23     (22) Jencks Act Material. The defense requests all material to which defendant is
24 entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial,
25 including dispatch tapes. A verbal acknowledgment that "rough" notes constitute an accurate
26 account of the witness' interview is sufficient for the report or notes to qualify as a statement
27 under §3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United
28 States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent

goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. The defense requests pre-trial production of Jencks material to expedite cross-examination and to avoid lengthy recesses during the pre-trial motions hearings or trial. Mr. Solano specifically requests rough notes regarding the interview of Mr. Solano, especially if the notes reflect the time and place of those statements. Mr. Solano puts the government on notice that he will seek rough notes of any and all testifying agents on the date set for the motion hearing, and requests that the agent/witnesses be instructed to bring the notes to court.

### III.

**THE INDICTMENT MUST BE DISMISSED OR LIMITED TO A TWO YEAR STATUTORY MAXIMUM BECAUSE THE INDICTMENT FAILS TO CHARGE THAT DEFENDANT WAS CONVICTED OF AN AGGRAVATED FELONY PRIOR TO REMOVAL.**

The Fifth Amendment of the United States Constitution "requires that a defendant be convicted only on charges considered and found by a grand jury." United States v. Du Bo, 186 F.3d 1177, 1179 (9th Cir. 1999). An indictment's failure to allege an essential elements of the charged offense "is not a minor or technical flaw subject to harmless error analysis, but a fatal flaw requiring dismissal of the indictment." Id. In Du Bo, the indictment failed to allege an implied *mens rea* requirement. That failure was fatal to the indictment. See Id., at 1179-81. "The complete failure to charge an essential element of a crime ... 'is by no means a mere technicality.'" Id., at 1180 (quoting United States v. King, 587 F.2d 956, 963 (9th Cir. 1978)).

Due to the lack of the requisite *mens rea*, the Ninth Circuit found that the indictment was defective in two fundamental ways. First, because it lacked an element, the Du Bo court could not be sure that the jury convicted on the same facts presented to the Grand Jury. Id., at 1179. The Du Bo court could "only guess whether the grand jury received evidence of, and actually passed on, Du Bo's intent." Id. Second, absent the *mens rea* allegation, the indictment "lacks a necessary allegation of criminal intent, and as such does not 'properly allege an offense against the United States.'" Id., at 1180 (quoting United States v. Morrison, 536 F.2d 286, 289 (9th Cir. 1976)). A complete failure to allege an element is generally a

6

1  fatal defect.  Id.  In Du Bo, the Ninth Circuit held that the failure to allege the mens rea
2  requirement was such a defect.  Id.  It therefore ordered the indictment dismissed.  Id., at
3  1180-81.

4         The Ninth Circuit reiterated the holding that "indictment's failure to 'recite an
5  essential element of the charged offense is not a minor technical flaw. . . but a flaw requiring
6  dismissal of the indictment.'" United States v. Pernillo Fuentes, 252 F.3d 1030 (9th Cir.2001),
7  citing United States v. Du Bo, 186 F.3d 1177, 1179 (9th Cir. 1999).  In Pernillo Fuentes, the
8  government charged the defendant with attempted entry, but did not allege the specific intent
9  element as required by Gracidas-Ulibarry, 231 F.3d 1188 (9th Cir. 2000 (en banc).  As a
10 consequence, the Ninth Circuit reversed Pernillo Fuentes' conviction and ordered that the
11 indictment be dismissed.

12        More recently, in United States v. Salazar-Lopez , 506 F.3d 748 (9th Cir. 2007) the
13 defendant-appellant  renewed his contention that his exposure to § 1326(b)'s higher statutory
14 maximum violated Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435
15 (2000), because neither the date of his prior removal nor the temporal relationship between
16 the removal and his prior conviction was alleged in the indictment and proved to a jury.  The
17 Court agreed and found that in Salazar Lopez, "...the temporal relationship between
18 Salazar-Lopez's removal and his previous conviction was a fact that increased the maximum
19 sentence that he faced. As such, the date of the removal, or at least the fact that
20 Salazar-Lopez had been removed *after* his conviction, should have been alleged in the
21 indictment and proved to the jury. The failure to do so was an *Apprendi* error."  Id. at 752.

22        The indictment here is defective because it fails to allege that Mr. Solano was
23 deported subsequent to an aggravated felony (or any felony) conviction.  Thus, the
24 indictment as returned clearly fails to charge a violation of section 1326(b).   Mr. Solano
25 requests that the indictment be dismissed due to this structural omission for failing to allege
26 an element of the offense, i.e., that he was deported or removed subsequent to and aggravated
27 felony (any felony) conviction.  In the alternative, if Mr. Solano is forced to proceed to trial
28 based on the indictment as it exists and he is convicted, the conviction would be limited to a

7

1 conviction under section 1326(a) which provides a maximum sentence of two years. Because
2 the government has not alleged either a section 1326(b)(1) or 1326(b)(2), the maximum that
3 Mr. Solano should receive at sentencing is two years.

4 In <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 118 S.Ct. 1219 (1998), a five
5 Justice majority held that the government can prove the crime of being found in the United
6 States after deportation without proving the fact of prior conviction.  The fact of the prior
7 conviction could be proved to the judge during a sentencing hearing without offending the
8 Fifth or Sixth Amendment of the Constitution.  Soon after <u>Almendarez-Torres</u>, a five-four
9 decision written by Justice Thomas, the Supreme Court embarked on a series of cases
10 holding that any fact which increases the maximum punishment must be charged and proven
11 to the jury beyond a reasonable doubt.   This line of cases began with  <u>Jones v. United States</u>
12 526 U.S. 227, 119 S.Ct. 1215 (1999), where the Supreme Court addressed the issue of when
13 disputed factors in a criminal case are considered elements of the offense rather than
14 sentencing factors.  The <u>Jones</u> Court distinguished its opinion in <u>Almendarez-Torres v.</u>
15 <u>United States</u>, 523 U.S. 224, 118 S.Ct. 1219 (1998) stating "the holding last Term [in
16 <u>Almendarez-Torres</u>] rested in substantial part on the tradition of regarding recidivism as a
17 sentencing fact, not as an element to be set out in the indictment."  <u>Jones</u>, 526 U.S. at pp.248-
18 249, 119 S.Ct. at p. 1227.  In so holding, the Supreme Court opined  that "any fact (other than
19 prior conviction) that increases the maximum penalty for a crime must be charged in an
20 indictment, submitted to jury, and proven beyond a reasonable doubt." <u>Id.</u>, 526 U.S. at p.243
21 n.6, 119 S.Ct. at p. 1224 n.6.  Most important for this Court, however, is that fact that in
22 <u>Jones</u>, Justice Thomas switched sides indicating that the <u>Almendarez-Torres</u> decision was in
23 question since the five Justice majority had been broken and five justices now agreed with
24 the dissent in <u>Almendarez-Torres</u> which opined that prior convictions which raised the
25 maximum possible sentence had to pled and proved to the jury beyond a reasonable doubt.
26 Then in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348 (2000) the Supreme Court
27 announced the constitutional rule that under the Sixth Amendment, any fact that increases the
28 maximum punishment must be proved to the jury beyond a reasonable doubt.  More

8

1  important for the instant case, Justice Thomas wrote an extensive dissent in which he
2  repudiated his opinion in <u>Almendarez-Torres</u> indicating that if presented with the issues in
3  <u>Almendarez-Torres</u> he would side with the minority thereby tilting the vote and making the
4  <u>Almendarez-Torres</u> minority opinion the majority holding.  <u>Almendarez-Torres</u>, 530 U.S. at
5  520-521; 120 S.Ct. at 2379.  The minority in <u>Almendarez-Torres</u> stated that any fact –
6  whether a fact related to the commission of the charged offense or the fact of a prior
7  conviction – which increases the maximum possible sentence must be proved to the jury
8  beyond a reasonable doubt.  <u>Almendarez-Torres</u>, 523 U.S. at 248-271; 118 S.Ct. at 1233-
9  1244.  The import of this statement is that after <u>Jones</u> and <u>Apprendi</u> a majority of the
10 Supreme Court now is of the opinion that even prior convictions must be pled and proved to
11 a jury beyond a reasonable doubt.

12      The readiness of the Supreme Court to readdress and overrule <u>Almendarez-Torres</u> was
13 made clear this past week in <u>Shepard v. United States</u>, 544 U.S. 13 (2005).  Indeed, it seems
14 that <u>Almendarez-Torres</u> should already be considered bad law according to Justice Thomas's
15 concurrence:

16   <u>Almendarez-Torres</u>, like <u>Taylor</u>, has been eroded by this Court's subsequent
     Sixth Amendment jurisprudence, and a majority of the Court now recognizes
17   that <u>Almendarez-Torres</u> was wrongly decided. See 523 U.S., at 248-249, 118
     S.Ct. 1219 (SCALIA, J., joined by STEVENS, SOUTER, and GINSBURG, JJ.,
18   dissenting); <u>Apprendi</u>, <u>supra</u>, at 520-521, 120 S.Ct. 2348 (THOMAS, J.,
     concurring). The parties do not request it here, but in an appropriate case, this
19   Court should consider <u>Almendarez-Torres</u> ' continuing viability. Innumerable
     criminal defendants have been unconstitutionally sentenced under the flawed
20   rule of <u>Almendarez-Torres</u>, despite the fundamental "imperative that the Court
     maintain absolute fidelity to the protections of the individual afforded by the
21   notice, trial by jury, and beyond-a-reasonable-doubt requirements." <u>Harris v.
     United States</u>, 536 U.S. 545, 581-582, 122 S.Ct. 2406  (2002) (THOMAS, J.,
22   dissenting).

23
    Thus, it seems clear that the rules of <u>Apprendi</u> through <u>Booker</u> the government must
24
   plead and prove the prior conviction which it seeks to use to enhance Mr. Delgado's
25
   enhancement.  Mr. Delgado believes there are only two possible remedies to the
26
   government's failure to plead the prior conviction: (1) proceed to trial on the current
27
   indictment but limit the conviction to a section 1326(a) conviction with a two year maximum
28

9

sentence; (2) dismiss the indictment for failure to charge all the elements.

In <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), the Supreme Court held that "'it is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt.'" <u>Apprendi</u>, 530 U.S. at 490 (quoting <u>Jones v. United States</u>, 526 U.S. 227, 252-53 (1999) (Stevens, J., concurring)); <u>accord Jones</u>, 526 U.S. at 253 (Scalia, J., concurring) ("it is unconstitutional to remove from the jury the assessment of facts that alter the congressionally prescribed range of penalties to which a criminal defendant is exposed"); *see also* <u>Mullaney v. Wilbur</u>, 421 U.S. 684 (1975); <u>In re Winship</u>, 397 U.S. 358 (1970). In reaching that conclusion, the Supreme Court acknowledged that its previous decision in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), was at least problematic in that its holding does not seem to comport with the plain constitutional rule announced in <u>Apprendi</u>. *See* <u>Apprendi</u>, 530 U.S. at 487 (describing <u>Almendarez-Torres</u> as "represent[ing] at best an exceptional departure from the historic practice we have described"); *see also id.* at 489 ("it is arguable that <u>Almendarez-Torres</u> was incorrectly decided").

*Apprendi's* solution to the conflict between its rule and the result in <u>Almendarez-Torres</u> was to treat the latter as an aberrational – and strictly limited – decision addressing only the sufficiency of the indictment in that case. <u>See Apprendi</u>, 530 U.S. at 487-88. In short, it represented an odd result owing to its peculiar facts. In <u>Almendarez-Torres</u>, the defendant was charged with a "found in" section 1326 offense, but his indictment did not allege that he had previously been deported after having suffered aggravated felony convictions. <u>Almendarez-Torres</u>, 523 U.S. at 227. Even so, during his guilty plea Almendarez Torres "admitted that he had been deported, and that he had later unlawfully returned to the United States, and that the earlier deportation had taken place 'pursuant to' three earlier 'convictions' for aggravated felonies." <u>Id</u>. (quoting from the record). It was against this highly unusual factual backdrop that <u>Almendarez-Torres</u> analyzed an objection at sentencing that the indictment contained no allegations of the prior convictions -- convictions

which the petitioner admitted as part of his guilty plea.

Apprendi noted these odd facts, *see* 530 U.S. at 487, concluding that, in light of the admissions under oath, "[b]oth the certainty that procedural safeguards attached to any 'fact' of prior conviction, and the reality that Almendarez-Torres did not challenge the accuracy of that 'fact' in his case, mitigated the due process and Sixth Amendment concerns otherwise implicated in allowing a judge to determine a 'fact' increasing punishment beyond the maximum of the statutory range." *Id.* at 488. Thus, "no question concerning the right to a jury trial or the standard of proof that would apply to a contested issue of fact was before the Court" when it rendered its decision in Almendarez-Torres. Id. Nor was there any real issue as to the sufficiency of the indictment. See United States v. Cotton, 535 U.S. 625 (2002). Because Mr. Solano exercised his Fifth Amendment grand jury right, and his Sixth Amendment right to jury trial, his case squarely presents the issues that Apprendi observed were left open in Almendarez-Torres. See id.

The recent decisions of United States v. Booker, 543 U. S. 220 (2005) and Blakely v. Washington,542 U.S.296 (2004), reconfirm that Apprendi limits, if not directly overrules, Almendarez-Torres to situations where the individual admits the prior convictions during a guilty plea. Blakely holds, "[o]ur precedents make clear, however, that the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 124 S.Ct. at 2537 (emphasis in original). See also id. at 2543 ("As Apprendi held, every defendant has the *right* to insist that the prosecutor prove to a jury all facts legally essential to the punishment")(emphasis in original). The only way to read Blakely as not directly overruling Almendarez-Torres, is by limiting Almendarez-Torres to its facts -- where the individual admits the prior conviction during a guilty plea.

"Almendarez-Torres . . . stands for the proposition that not every fact expanding a penalty range must be stated in a felony indictment, the precise holding being that recidivism increasing the maximum penalty need not be so charged." Jones v. United States, 526 U.S. 227, 248 (1999); accord Apprendi, 530 U.S. at 487-88. That "precise holding" cannot stand

1    in light of Blakely, Apprendi and the Fifth and Sixth Amendment right to indictment by a
2    Grand Jury.   A majority of Justices agree that Almendarez-Torres does not survive
3    Apprendi.  In Apprendi, the majority asserted that "it is arguable that *Almendarez-Torres* was
4    wrongly decided," *Apprendi*, 530 U.S. at 489.  More importantly, Justice Thomas, who cast
5    the fifth and deciding vote in Almendarez-Torres, has admitted that his vote was erroneous.
6    Apprendi, 530 U.S. at 518-20 (Thomas, J., concurring).  Even the *Apprendi* dissent
7    recognized that Almendarez-Torres cannot be followed without disregarding Apprendi.  See
8    Apprendi, 530 U.S. at 535 (O'Connor dissenting) ("Almendarez-Torres constituted a clear
9    repudiation of the rule the Court adopt[ed in Apprendi]"); *accord id.* at 559 (the distinction
10   between the section 1326 scheme at issue in Almendarez-Torres and the New Jersey scheme
11   at issue in *Apprendi* is "a difference without constitutional significance").  Almendarez-
12   Torres no longer commands a majority of the members of the Court, *see id.* at 518-20
13   (Thomas, J., concurring), and Justice O'Connor, joined by Chief Justice Rehnquist and
14   Justices Kennedy and Breyer, has recognized that Apprendi and Almendarez-Torres cannot
15   be reconciled.  See id. at 535 (O'Connor dissenting).  Moreover, the Court has recently
16   indicated a desire to directly overrule Almendarez-Torres and reconcile the cases requiring
17   that any and all facts which increase the maximum punishment must be pled and proven
18   beyond a reasonable doubt to a jury.

19           The Supreme Court has long made it clear that the indictment must both contain all of
20   the elements of the offense and give the defendant notice.  See, e.g., Russell v. United States,
21   369 U.S.  749, 763-64 (1962)("the indictment [must] contain[] the elements of the offense
22   intended to be charged, and sufficiently apprize[] the defendant of what he must be prepared
23   to meet") (internal quotations, citations omitted); accord Stirone v. United States, 361 U.S.
24   212, 216-19 (1960). The Fifth and Sixth Amendment rights discussed in Russell are
25   applicable to all elements: "The Court has not suggested in its previous opinions . . . that
26   there is a difference . . . between, on the one hand, a right to a jury determination, and, on the
27   other, a right to notice by indictment and to a determination based upon proof by the
28   prosecution beyond a reasonable doubt." Jones, 526 U.S. at 269 (Kennedy, J., dissenting).  In

12

1  short, if there is a right to jury trial as to a particular element, there is also a right to a Grand
2  Jury determination of probable cause and notice.

3  Indeed, Apprendi itself makes clear that there should be no dichotomy between jury
4  trial rights and Grand Jury rights.  The historical precedent upon which Apprendi relies
5  squarely supports the proposition that any fact which increases the statutory maximum must
6  not only be submitted to the jury and proved beyond a reasonable doubt, it must also be
7  alleged in the indictment.  See Apprendi, 530 U.S. at 478 (citing J. Archbold, Pleading and
8  Evidence in Criminal Cases 44 (15th ed. 1862) and 4 Blackstone 369-70); see also id. at 480
9  ("Just as the circumstances of the crime and the intent of the defendant at the time of
10 commission were often essential elements to be alleged in the indictment, so too were the
11 circumstances mandating a particular punishment"); Ex Parte Bain, 121 U.S. 1, 12-13 (1887)
12 ("We are of the opinion that an indictment found by the grand jury was indispensable to the
13 power of the court to try the petitioner for the crime with which he was charged").  In short,
14 "'the indictment must contain an allegation of every fact which is legally essential to the
15 punishment to be inflicted.'"  Id. at 489 n.15 (quoting United States v. Reese, 92 U.S. 214,
16 232-33 (1875) (separate opinion of Clifford, J.)); accord United States v. Hooker, 841 F.2d
17 1225, 1228 (4th Cir. 1988) (observing that "[i]t is elementary that every ingredient of [a]
18 crime must be charged in the bill" and collecting cases) (internal quotations omitted).

19 Blakely reaffirmed this historical precedent.  *See* Blakely, 124 S. Ct. at 2536 (stating
20 that the Apprendi rule "reflects two longstanding tenets of common-law criminal
21 jurisprudence: that the 'truth of every accusation' against a defendant 'should afterwards be
22 confirmed by the unanimous suffrage of twelve of his equals and neighbors,' 4 W.
23 Blackstone, Commentaries on the Laws of England 343 (1769), and that 'an accusation which
24 lacks any particular fact which the law makes essential to the punishment is ... no accusation
25 within the requirements of common law, and it is no accusation in reason.' 1 J. Bishop,
26 Criminal Procedure § 87, p. 55 (2d ed. 1872)").  There is no basis for failing to apply this
27 reasoning to the fact of prior conviction.  See Apprendi, 530 U.S. at 505 (Thomas, J.,
28 concurring); accord Almendarez-Torres, 523 U.S. at 248-60 (Scalia, J., dissenting).

## IV.

## **MOTION FOR LEAVE TO FILE FURTHER MOTIONS**

Mr. Solano has filed all motions he deems to be relevant at this time. However, he requests permission to reserve the right to file further motions in response to additional discovery, investigation or documents filed by the government, including his recorded statements, his A-file and recorded deportation hearing.

## V.

## **CONCLUSION**

For the above stated reasons, it is respectfully requested that the Court grant the above motions.

Respectfully submitted,

Dated: September 2, 2008

/s/ Sylvia Baiz
**SYLVIA BAIZ**
Attorney for Defendant **Solano**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | Criminal No. **08-CR-2584-MLH** |
| Plaintiff, | ) | |
| v. | ) | **PROOF OF SERVICE** |
| **MAURILLO SOLANO-RAMIREZ,** | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, SYLVIA BAIZ, am a citizen of the United States and am at least eighteen years of age. My business address is 964 Fifth Avenue, Suite 214, San Diego, California, 92101.

I am not a party to the above-entitled action. I have caused service of the **NOTICE OF MOTIONS AND MOTIONS; STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS** on the following parties by electronically filing the foregoing with the clerk of the District Court using its ECF System, which electronically notifies them.

Judge Marilyn L. Huff efile_huff@casd.uscourts.gov

Assistant United States Caleb E. Mason cmason@usa.doj.gov

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 2, 2008.

/s/   Sylvia Baiz
SYLVIA BAIZ