KAREN P. HEWITT
United States Attorney
CALEB E. MASON
Assistant United States Attorney
California Bar No. 246653
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5956/(619)235-4716(Fax)
Email: caleb.mason@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08CR2584H |
| Plaintiff, | Date: Sep. 15, 2008<br>Time: 2 p.m.<br>The Honorable Marilyn L. Huff |
| v. | |
| MAURILLO SOLANO-RAMIREZ, | **Response in Opposition to Defendant's Motion to Dismiss the Indictment** |
| Defendant. | |

The Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Caleb E. Mason, Assistant United States Attorney, hereby files its Response in Opposition to Defendant's Motion to Dismiss the Indictment and to Compel Discovery.

**I.    Statement of the Case**

On August 6, 2008, a federal grand jury in the Southern District of California returned an Indictment charging Maurillo Solano-Ramirez ("Solano") with being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) and (b). On August 7, 2008, Solano was arraigned on the Indictment and pled not guilty. On August 29, the United States filed motions for fingerprint exemplars, reciprocal discovery, and leave to file further motions. On September 3, 2005, Solano filed motions for discovery, dismissal of the indictment, and leave to file further motions. The motion hearing/trial setting date is September 15, 2008.

//

## II. The United States Is Fulfilling Its Discovery Obligations

The United States has fulfilled, and will continue to fulfill, its discovery obligations. On July 16, 2008, the United States discovered to Solano 88 pages of discovery and 1 DVD containing his videotaped interview. On September 4, 2008, the United States discovered to Solano the tape recording of his March 27, 2000 deportation hearing.

## III. The Indictment Properly Charges the Crime

### 1. Apprendi is Good Law

Solano requests dismissal of the indictment on the grounds that the Supreme Court's decision in Almendarez-Torres 523 U.S. 224 (1998), has been undermined by the subsequent decisions beginning with Apprendi v. New Jersey, 530 U.S. 466 (2000), so that it is no longer good law. Solano's argument is without merit. The relevant portion of Solano's motion appears to have been drafted in 2005, see Defendant's Motion at 4, line 13 ("The readiness of the Supreme Court to readdress and overrule Almendarez-Torres was made clear this past week in Shepard v. United States, 544 U.S. 13 (2005)."), and it neither cites nor acknowledges any of the hundreds of cases in which the Ninth Circuit has squarely addressed the validity of Almendarez-Torres after Apprendi, and held that Almendarez-Torres remains good law.

Almendarez-Torres has been cited in 725 Ninth Circuit opinions, and its validity upheld every time. "Under recent Supreme Court and Ninth Circuit jurisprudence, Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), holding that the fact of a prior conviction need not be proven to a jury beyond a reasonable doubt, remains good law." United States v. Beltran-Munguia, 489 F.3d 1042, 1052 (9th Cir. 2007). In 2008 alone, the validity of Almendarez-Torres has been reaffirmed 45 times by the Ninth Circuit, most recently in United States v. Sanchez-Castro, No. 05-50665, 2008 WL 3311774 (9th Cir. Aug. 11, 2008) (unpublished). Nor has the court been obscure in its pronouncements: a Westlaw search for "Almendarez-Torres" in the same sentence as "good law" returns 58 Ninth Circuit cases.

The lone Ninth Circuit case cited in the Apprendi section of Solano's motion is United States v. Salazar-Lopez, 506 F.3d 748 (9th Cir. 2007) (holding that the government must charge and prove

prior removals in § 1326 cases). Yet in that very case, the court reiterated its <u>Almendarez-Torres</u> holding: "In <u>United States v. Covian-Sandoval</u>, 462 F.3d 1090, 1096-98 (9th Cir.2006), we recognized that the fact of a prior conviction need not have been submitted to the jury under <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)." <u>Id.</u> at 751.

In short, the validity of <u>Almendarez-Torres</u> is a settled issue. It is on a par, the Fifth Circuit recently suggested, with the constitutionality of the federal income tax:

> One might ask, then, why so many defendants in this circuit have pursued reconsideration of <u>Almendarez-Torres</u>. Probably because, like the mountain, it's there, and it doesn't fit with the logic of <u>Apprendi</u>. Defense counsel may also perceive some marginal tactical benefit in placing any roadblock in the way of expeditious conviction or punishment. No matter what the underlying rationale may have been for challenging <u>Almendarez-Torres</u> "to preserve the issue for further review," it is time to admit that the Supreme Court has spoken. In the future, barring new developments in Supreme Court jurisprudence, arguments seeking reconsideration of <u>Almendarez-Torres</u> will be viewed with skepticism, much like arguments challenging the constitutionality of the federal income tax.
>
> [FN1: Who doubts that if, instead of receiving hundreds of <u>Almendarez-Torres</u> briefs each year, this court received a similar number of income tax protestor appeals, we would hesitate to limit these meritless filings?]
>
> It would be prudent for appellants and their counsel not to damage their credibility with this court by asserting non-debatable arguments.

<u>United States v. Pineda-Arrellano</u>, 492 F.3d 624, 626 (5th Cir. 2007).

**2.     <u>Apprendi</u> Does Not Require that the Indictment Specify Defendant's Aggravated Felony.**

Solano also argues that <u>Apprendi</u> requires that the indictment allege that his prior conviction was an aggravated felony. This argument is likewise squarely foreclosed by Ninth Circuit caselaw. In <u>United States v. Covian-Sandoval</u>, 462 F.3d 1090, 1097 (9th Cir. 2006), and in <u>Garcia-Aguilar v. United States District Court for the Southern District of California</u>, — F.3d —, No. 07-70293 (9th Cir. Aug. 6, 2008), the Ninth Circuit explained how <u>Apprendi</u> applies to § 1326: the government must allege in the indictment, and prove beyond a reasonable doubt, the temporal relationship between the prior conviction and the removal. The government must prove this relationship by proving the existence and date of the removal. <u>Covian-Sandoval</u> at 1097-98. The government does not have to prove the prior

1 conviction itself. Id. ("The fact of a prior conviction is the only fact that both increases a penalty beyond the statutory maximum and can be found by a sentencing court."). In this case, the indictment alleges "that defendant MAURILLO SOLANO-RODRIGUEZ was removed from the United States subsequent to August 22, 2005." That allegation is precisely what Garcia-Aguilar requires.

Furthermore, the Ninth Circuit explicitly held in United States v. Gomez-Mendez, 486 F.3d 599, 605 -606 (9th Cir. 2007), that the fact of a prior conviction is a sentencing factor, and not an element of the 1326 offense.

> Gomez-Mendez asserts that according to principles of statutory construction, a prior conviction is an element of the offense under the current version of 8 U.S.C. § 1326(b)(2), rather than a sentencing factor, because a 1996 amendment changed the structure of that section and added a title to subsection (b). But 8 U.S.C. § 1326(b)(2), the provision considered in Almendarez-Torres and at issue in this case, remains virtually unchanged after the 1996 amendment. We do not believe that the 1996 amendment transformed subsection (b)(2) from a sentencing factor, as the Supreme Court held in Almendarez-Torres, to a new criminal offense, as Gomez-Mendez claims, simply because that amendment modified the title of subsection (b) and added subsections (b)(3) and (b)(4). In the pith of his claim, Gomez-Mendez essentially argues that we are no longer bound by the Supreme Court's holding in Almendarez-Torres, because it interpreted a prior version of 8 U.S.C. § 1326. We have repeatedly rejected the argument that Almendarez-Torres is no longer good law and have held that the current version of 8 U.S.C. § 1326(b)(2) constitutes a sentencing factor under Almendarez-Torres. See, e.g., United States v. Ochoa-Gaytan, 265 F.3d 837, 840 n. 1, 845-46 (9th Cir.2001); United States v. Pacheco-Zepeda, 234 F.3d 411, 413-14 (9th Cir.), cert. denied, 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

Gomez-Mendez, 486 F.3d at 605 -606.

Whether a conviction is an aggravated felony is a pure question of law. E.g., United States v. Vidal, 504 F.3d 1072, 1076 (9th Cir. 2007); United States v. Arellano-Torres, 303 F.3d 1173, 1176 (9th Cir.2002); United States v. Rivera-Sanchez, 247 F.3d 905, 907 (9th Cir.2001) (en banc).

The United States will prove at trial that Defendant was removed subsequent to August 22, 2005. If Solano is convicted, then any convictions he suffered prior to August 22, 2005 may properly be found by the Court and used to enhance his sentence under Apprendi.

//
//
//

**Conclusion**

For the foregoing reasons, Defendant Solano's Motion to Dismiss should be denied.

DATED: September 4, 2008                            Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

/S/ *Caleb E. Mason*
CALEB E. MASON
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: caleb.mason@usdoj.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 08cr2584H |
| Plaintiff, | ) |
| | ) **CERTIFICATE OF SERVICE** |
| v. | ) |
| MAURILLO SOLANO-RAMIREZ, | ) |
| Defendant. | ) |

IT IS HEREBY CERTIFIED THAT:

I, CALEB E. MASON, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of:

**UNITED STATES' RESPONSE AND OPPOSITION**

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Sylvia Baiz, Esq.**
**Attorney for Defendant**

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 4, 2008.

s/ *Caleb E. Mason*
CALEB E. MASON